IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRITANY WALKER | § | |
|    Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| DANCOR TRANSIT, INC. and | § | |
| STEWART DARDEN | § | |
|    Defendants. | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, Defendants DANCOR TRANSIT, INC. and STEWART DARDEN ("Defendants") file this Notice of Removal of this case from the 134th District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. In support of this Notice of Removal, Defendants state as follows:

**CASE BACKGROUND AND FOUNDATION FOR REMOVAL**

1. On January 27, 2016, Plaintiff commenced an action in the 134th District Court of Dallas County, Texas, Cause No. DC-16-00955 against Dancor Transit, Inc. and Stewart Darden seeking judgment against Defendants for injuries that Plaintiff allegedly suffered as a result of a motor vehicle collision that occurred on June 17, 2014 in Dallas, Texas. Plaintiffs' claims against Defendants are based on theories of negligence, negligence per se and respondeat superior.

2. Plaintiffs served Defendants on or about February 25, 2016. Defendants filed their answers on March 10, 2016. True and correct copies of the Petition and Answer are attached as Exhibit A and incorporated by reference.

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b) because it is a civil action that is between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. Defendants remove the case to this District and Division pursuant to 28 U.S.C. § 1441(a).

## COMPLETE DIVERSITY OF CITIZENSHIP

5. There is complete diversity of citizenship between the parties to this litigation.

(a) Plaintiff is a citizen of Texas, residing in Dallas, Texas. See Plaintiffs' Original Petition at Par. III.

(b) Defendant Dancor Transit, Inc. is incorporated in Arkansas and has its principal place of business ("never center") at 625 Kerr Street, Van Buren, Arkansas 72956. Dancor Transit has a facility ('yard") at 2340 Lombardy Lane, Dallas, Texas, but that yard is not Dancor Transit, Inc.'s principal place of business ("nerve center").

(c) Defendant Stewart Darden is a citizen of Oklahoma, residing at 207 N. Curance, Broken Bow, Oklahoma, 74728.

Accordingly, the Defendants are diverse from the Plaintiff.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

6. Plaintiff states in Plaintiffs' Original Petition filed in the state court that Plaintiff seeks monetary relief of over $100,000 but not more than $200,000. See Plaintiffs' Original Petition at Par. II. Defendants deny the allegations in the Petition. However, taking those allegations on their face as true, as this Court must do for the purpose of determining the propriety of removal, it is clear that Plaintiff's damages sought in this case exceed $75,000, exclusive of interests and costs.

7.      Given the complete diversity of the remaining parties and an amount in controversy in excess of $75,000, this Court has jurisdiction over the causes of action and claims asserted in the State Court Action pursuant to 28 U.S.C. § 1332 and this action is properly removable pursuant to 28 U.S.C. § 1441.

8.      This Notice of Removal has been served on Plaintiff's counsel. A Notice of Filing of Notice of Removal to Federal Court (attached as Exhibit B) will be filed in the State Court proceeding as soon as this Notice of Removal is filed with this Court.

## CONCLUSION

Because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. Defendants are therefore entitled to remove this case to this Court pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendants DANCOR TRANSIT, INC. and STEWART DARDEN request that the action now pending before the 134th District Court of Dallas County, Texas, Cause No. DC-16-00955 be removed to this Court.

Respectfully submitted,

/s/ Jerald L. Butler

_____

Jerald L. Butler
SBN: 00783771
LAW OFFICE OF DRISKELL & LAWRENCE
105 Decker Crt., Ste. 150
Irving, Texas 75062-2211
(972) 650-8048
(855) 717-5349: FAX
jerald.butler@nationwide.com
ATTORNEY FOR DEFENDANTS

FILED
DALLAS COUNTY
1/27/2016 4:17:57 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-16-00955

| | | |
|---|---|---|
| **BRITANY WALKER** | § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § § | |
| VS. | § § | **DALLAS COUNTY, TEXAS** |
| **DANCOR TRANSIT, INC., AND STEWART DARDEN** | § § § § | |
| **Defendants.** | § § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE,
FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS,
FIRST REQUEST FOR PRODUCTION AND REQUEST FOR PRIVILEGE LOG
TO DEFENDANTS**

**TO THE HONORABLE COURT:**

Plaintiff Britany Walker files Plaintiff's Original Petition complaining of Defendants Dancor Transit, Inc., and Stewart Darden.

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $100,000 but not more than $200,000. The amount of monetary relief actually

awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### III. PARTIES

Plaintiff Britany Walker is an individual resident of Dallas, Dallas County, Texas. Her social security number is \*\*\*-\*\*-\*323.

Defendant Dancor Transit, Inc. is a domestic corporation with a principle office in the State of Texas at 2340 Lombardy Lane, Dallas, Texas 75220. Defendant may be served by serving its registered agent, James W. Hyden, 200 Louisiana, Little Rock, Arkansas 72201.

Defendant Stewart Darden is an individual and may be served with process through his empoloyer, Dancor Transit, Inc. by serving its registered agent, James W. Hyden, 200 Louisiana, Little Rock, Arkansas 72201.

### IV. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Dallas County, Texas. Venue therefore is proper in Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

### V. FACTS

This lawsuit arises out of a motor vehicle collision that occurred on Tuesday, June 17, 2014 at or near the intersection of Northwest Highway and

Lombardy within the city limits of Dallas, Dallas County, Texas. Plaintiff Britany Walker was operating her vehicle on Lombardy in the left lane. Defendant Stewart Darden was operating his 18-wheeler on Lombardy in the middle lane. Defendant Stewart Darden had the blinker to turn right; when he changed his mind and made an unsafe lane change to the left and crossed into Plaintiff's lane colliding hard with the passenger's side of Plaintiff's vehicle. As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## VI. CAUSES OF ACTION

### A. NEGLIGENCE – DEFENDANT STEWART DARDEN

At the time of the motor vehicle collision, Defendant Stewart Darden was operating his 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1. Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

2. Defendant changed lanes when unsafe to do so;

3. Defendant failed to drive in a single lane;

4. Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

5. Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question; and

6. Defendant failed to operate his 18-wheeler at a safe speed.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

**B.    NEGLIGENT ENTRUSTMENT – DEFENDANT DANCOR TRANSIT, INC.**

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant Dancor Transit, Inc. was the owner of the vehicle driven by Defendant Stewart Darden. Defendant Dancor Transit, Inc. entrusted the vehicle to Defendant Stewart Darden. Defendant Stewart Darden was unlicensed, incompetent, and/or reckless and Defendant Dancor Transit, Inc. knew or should have known that Defendant Stewart Darden was unlicensed, incompetent, and/or reckless. Defendant Dancor Transit Inc.'s negligence on the occasion in question proximately caused the collision.

**C.    RESPONDEAT SUPERIOR – DEFENDANT DANCOR TRANSIT, INC.**

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Stewart Darden was in the course and scope of his employment with Defendant Dancor Transit, Inc. thereby making Defendant Dancor Transit, Inc. liable under the doctrine of *Respondeat Superior*.

**D.    NEGLIGENCE – DEFENDANT DANCOR TRANSIT, INC.**

Defendant Dancor Transit, Inc. failed to properly train and/or supervise Defendant Stewart Darden in order to prevent such accident.

## VII. DAMAGES

As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

a. Medical expenses in the past and future;

b. Lost wages in the past and loss of earning capacity in the future;

c. Property damage and loss of use of Plaintiff's vehicle;

d. Physical pain and suffering in the past and future;

e. Mental anguish in the past and future; and

f. Physical impairment in the past and future.

## VIII. REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## IX. DISCOVERY DOCUMENTS

Contemporaneously with this petition, Plaintiff serves to Defendants Plaintiff's First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant.

## X. INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same. The authenticity of such items is self-proven per TRCP 193.7.

## XI. JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## XII. U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XIII. RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against Defendants for:

1. Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2. Plaintiff's future medical expenses;

3. Plaintiff's lost wages in the past and loss of earning capacity in the future;

4. Plaintiff's property damage and loss of use of Plaintiff's vehicle;

5. Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

6. Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

7. Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

8. Interest on the judgment at the legal rate from the date of judgment;

9. Pre-judgment interest on Plaintiff's damages as allowed by law;

10. All costs of court; and

11. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**

BY: _____
**JAVIER GONZALEZ**
State Bar No. 24027331
jgonzalez@ewlawyers.com
**AMY K. WITHERITE**
State Bar No. 00788698
awitherite@ewlawyers.com
3100 Monticello Avenue, Suite 500
Dallas, Texas 75205
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

FILED
DALLAS COUNTY
3/10/2016 10:23:16 AM
FELICIA PITRE
DISTRICT CLERK
Jh'Mella Norman

CAUSE NO. DC-16-00955

| | | |
|---|---|---|
| BRITANY WALKER | § | IN THE DISTRICT COURT |
| | § | |
| V | § | |
| | § | 134TH JUDICIAL DISTRICT |
| DANCER TRANSIT, INC AND | § | |
| STEWART DARDEN | § | DALLAS COUNTY, TEXAS |

DEFENDANTS DANCOR TRANSIT, INC AND STEWART DARNDEN'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants DANCOR TRANSIT, INC. AND STEWART DARNDEN file this Original Answer to Plaintiff's Petition on file herein, or any Plaintiff may hereinafter file by way of amendment or supplement, and in support thereof respectfully shows the Court and jury as follows:

**1.**

Pursuant to Texas Rules of Civil Procedure 92, Defendants generally deny, all and singular, each and every material allegation contained in Plaintiff's Petition and any Petition Plaintiff may hereinafter file by way of amendment or supplement, and demands strict proof thereof as required by the Constitution and the Laws of the State of Texas.

**2.**

Pleading further, Defendants would show that the negligence of the Plaintiff and/or other third parties were a proximate cause of the occurrence in question. Accordingly, Defendants are entitled to the submission of the issue of Plaintiff's proportionate and contributory negligence and/or other third parties' or responsible third parties' contributory negligence to the finder of the fact, pursuant to Texas Civil Practice and Remedies Code Chapters 32 and 33. Further, Defendants seek contribution from joint tortfeasors and/or a set-off or credit for all settlements between Plaintiff and any other persons in connection with the event, injuries and damages forming the basis of this lawsuit.

**3.**

Pleading further, Defendants would show Plaintiff had pre-existing physical conditions totally unrelated to the incident made the basis of this lawsuit and that such pre-existing conditions are the sole cause or a proximate cause of the medical treatment and expenses incurred by Plaintiff both before and after the accident made the basis of this lawsuit and are the sole cause or a proximate cause of any lost time, loss of earnings and earning capacity, physical impairment, and of any pain suffering and mental anguish of Plaintiff. Defendants request that the court instruct the jury not to consider elements of damages incurred and caused by such pre-existing conditions.

**4.**

The injuries and damages of which Plaintiff complains were wholly caused by a new and independent cause or causes not reasonably foreseen by Defendants, or by intervening acts of others which were the sole proximate cause, or in the alternative, a proximate cause to any injuries and damages to Plaintiff, and therefore, such new and independent acts or causes became the immediate and efficient cause or causes of injury, such that any and all of the negligent acts or omissions of which Plaintiff complains as to Defendants were not the cause of any damages or injuries suffered by Plaintiff.

**5.**

Defendants further assert Texas Civil Practice and Remedies Code 41.0105 limiting Plaintiff's recovery of medical or health care expenses incurred to the amount actually paid or incurred by or on behalf of the Plaintiff.

**6.**

Pleading further, if same be necessary, Defendants claim the protections of section 18.091 of the Texas Civil Practices and Remedies Code. Specifically, Defendants maintains that Plaintiff, if seeking recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value and/or loss of inheritance must present evidence in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

**7.**

In the unlikely event that Plaintiff obtains a judgment in her favor for damages in this case, Defendants affirmatively pleads the liability limits set forth in Section 41.008 of the Texas Civil Practice and Remedies Code, as well as any other applicable cap or limit.

**8.**

Defendants hereby gives notice of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure, 193.7.

**9.**

Defendants further alleges that Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in one or more of the following statutes, as applicable to this case:

   A.   Chapter 41, Texas Civil Practice and Remedies Code; and

   B.   The Texas Finance Code.

**10.**

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendants demands a jury trial.

WHEREFORE, PREMISES CONSIDERED, Defendants pray Plaintiff take nothing from them by Plaintiff's claims, that Defendants recover their costs of suit, and for such other and further relief to which Defendants may show themselves justly entitled, both special and general, at law or in equity.

        Respectfully submitted,

        /s/ Jerald L. Butler

        _____

        Jerald L. Butler
        SBN:  00783771
        LAW OFFICE OF DRISKELL & LAWRENCE
        105 Decker Crt., Ste. 150
        Irving, Texas  75062-2211
        (972) 650-8048
        (855) 717-5349: FAX
        jerald.butler@nationwide.com
        ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

On the 10th day of March, 2016 a true and correct copy of this document was served in accordance with Texas Rules of Civil Procedure to:

Eberstein & Witherite, LLP
Javier Gonzalez
3100 Monticello Avenue, Suite 500
Dallas, Texas 75205
(214) 378-6665
jgonzalez@ewlawyers.com

        /s/ Jerald L. Butler

        _____

        Jerald L. Butler